**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
2202 18th Street, N.W. · # 110 · WASHINGTON, D.C. 20009-1813

Office Direct Dial: 202-467-4489 · Fax: 205-453-4907
Email: TFleming@wigginschilds.com · Internet: www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

March 5, 2026

*VIA ECF*

The Honorable George B. Daniels
United States District Judge
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

The Honorable Sarah Netburn
United States Magistrate Judge
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430.
New York, New York 10007

Re:  *In Re Terrorist Attacks on September 11, 2001*, 1:03-md-01570 (GBD) (SN)
*Ray, et al. v. Iran*, 19-cv-00012-GBD-SN
*Maher, et al. v. WAMY, et al.*, 1:23-cv-02845 (GBD)(SN)
*Burnett, et al. v. Iran, et al.*, 15-cv-9903 (GBD)(SN)
*Grazioso, et al. v. the Taliban*, 1:22-cv-01188 (GBD)(SN)
*Casazza, et al. v. The Taliban, et al.*, 1:25-cv-3743 (GBD) (SN)
*Romero, et al. v. Islamic Republic of Iran, et al.*, 25-cv-07935 (GBD) (SN)

**Clarification of Requests for Rule 54(b) Certifications in *Ray*, *Maher*, and *Burnett v. Iran***

Dear Judge Daniels and Judge Netburn:

Pending before the Court is a request by numerous parties in this MDL, consolidated under the recent filing of the PEC for Personal Injury and Death Claims at MDL Doc. No. 11800, 11800-1, for entries of Orders certifying partial finality of judgments under FED. R. CIV. P 54(b) against the Islamic Republic of Iran in member cases throughout the MDL. On March 3, 2026, Magistrate Judge Netburn issued a Report and Recommendation for the Court to enter such Rule 54(b) orders, *nunc pro tunc* to the date of judgments, to be followed in due course by actions of the Clerk of this Court to issue certifications of the judgments for usage in pending litigation in the E.D.N.Y. MDL Doc. No. 11824. That order set today, March 5, 2026, as the expedited date for filing Objections to the Report and Recommendation.

Undersigned counsel from the law firm of Wiggins Childs Pantazis Fisher Goldfarb PLLC ("Wiggins Childs") represents the Plaintiffs in the above-refenced *Ray* and *Maher* cases as well as three families in the *Burnett* case against Iran (specifically The Estate of Alan David Kleinberg, Mindy Kleinberg, Jacob Kleinberg, Lauren Kleinberg, Sam Kleinberg, the Estate of Kenneth Warren Van Auken, Lorie Jill Van Auken, Sarah B. Van Auken, Matthew D. Van Auken, and the Estate of John Francis Casazza, Patricia Denise Casazza, and John Casazza), who are presently in the *Burnett, et al. v. Iran* case, all of whom were included in the PEC's request

The Honorable George B. Daniels and The Honorable Sarah Netburn
March 5, 2026                                                                                                         Page 2

for a blanket 54(b) certification.  Undersigned counsel from the law firm Motley Rice LLC represents the remaining Plaintiffs in the *Burnett* action against Iran.

Collectively, we do not lodge any Objection to the Report and Recommendation.  We read the Report and Recommendation to address <u>only compensatory damages judgments against the Islamic Republic of Iran, the nation-state</u>, and not judgments against any of the political subdivisions, agencies or instrumentalities of Iran.  However, in an abundance of caution, <u>we do request that any Rule 54(b) certifications for the *Ray*, *Maher*, and *Burnett* cases apply only to the judgments against the nation-state of Iran and not to any of the political subdivisions, agencies, or instrumentalities of Iran.</u>

While we believe the record is clear in *Ray* and *Maher* that, although many such political subdivisions, agencies, or instrumentalities are named as defendants, those defendants have not yet been the subject of default judgment motions, and, thus, the only defendant against which a judgment has been entered that even could be subject to a Rule 54(b) motion is the nation-state of Iran.

In *Burnett, et al. v. Iran, et al.*, the situation is slightly different.  There, the judgments have been entered against the nation-state of Iran, the Islamic Revolutionary Guard Corps ("IRGC"), and the Central Bank of Iran ("Bank Markazi").  *See, e.g.,* MDL Doc. No. 4023, June 8, 2018 (determining compensatory damages for *inter alia* the Kleinberg, Van Auken, and Casazza family members).  Again, while we read the Report and Recommendation as pertaining only to the judgments against Iran the nation-state, we want to be certain that any Rule 54(b) order entered in *Burnett* would <u>not apply to the IRGC or to the Central Bank</u>.

The plaintiffs in *Grazioso*, 22-cv-01188, and *Maher*, 23-cv-02845, are represented by Wiggins Childs and have a pending request for an evidentiary hearing, made via a letter motion filed on February 18, 2025, MDL Doc. No. 10725.  This hearing request was put on hold for a time to enable other MDL member cases to provide input into the timing of the hearing.  Judge Netburn's order dated March 7, 2025, MDL Doc. No. 10771, directed the parties to meet and confer and then report back to the Court concerning scheduling of the hearing.  Undersigned counsel in *Grazioso* and *Maher* intend to report back to the Court soon following renewal of their meet-and-confer process with the plan to request that an evidentiary hearing be scheduled as expeditiously as practicable.

Because a Rule 54(b) certification is incompatible with this pending request for an evidentiary hearing in *Grazioso* and *Maher*, we thought it prudent to point out specifically that we are not seeking such Rule 54(b) certification for any of Iran's political subdivisions, agencies, and instrumentalities in any of the cases that will be involved in the evidentiary hearing.

As noted in the February 18, 2025 letter motion, all plaintiffs in *Ray* are also plaintiffs in *Grazioso*, and the evidence to be submitted will cover the conspiracy among all the Iranian and

The Honorable George B. Daniels and The Honorable Sarah Netburn
March 5, 2026                                                                                                           Page 3

Taliban defendants. Therefore, the evidence to be submitted will include the evidence against Iran itself, which was previously admitted in the *Havlish* and *Hoglan* cases. Accordingly, we request to include the *Ray* case formally in the evidentiary hearing, even though *Ray* already has a judgment against Iran; it does not have judgment against Iran's political subdivisions, agencies, and instrumentalities. We do so for the same reasons pertaining to international enforcement of judgments that we discussed in the letter motion at MDL Doc. No. 10725. For example, proposed Findings of Fact and Conclusions of Law will be submitted in each case, and we will ask that judgments be stated with particularity. We also anticipate requesting Rule 54(b) certifications after the hearing. Motley Rice LLC joins in this request regarding the international enforcement of its judgments against the IRGC and Bank Markazi as an evidentiary hearing with subsequent judgments stated with particularity will assist them in seeking to enforce those judgments abroad as to the IRGC and Bank Markazi.

Additionally, Wiggins Childs recently filed cases against Iran, its political subdivisions and agencies and instrumentalities in *Casazza, et al. v. The Taliban, et al.,* 1:25-cv-3743 (GBD) (SN) and *Romero, et al. v. Islamic Republic of Iran, et al.,* 25-cv-07935 (GBD) (SN). If the complaint service on the Iranian defendants and the Taliban defendants is complete in those cases by the time of the evidentiary hearing, Wiggins Childs would request to include them in that evidentiary hearing as well.

To be clear: <u>we do request</u> at this time Rule 54(b) certifications as to the judgments in *Ray*, *Maher*, and *Burnett* <u>against the nation-state of Iran</u> as part of the pending request for blanket certifications, *nunc pro tunc*.

However, because issuance of Rule 54(b) orders of partial finality against Iran's political subdivisions, agencies, and instrumentalities would be incompatible with the pending request for an evidentiary hearing, Wiggins Childs hereby requests that the Rule 54(b) requests for all plaintiffs in the *Ray* and *Maher* cases as well as the above-named Kleinberg, Van Auken, and Casazza families in *Burnett, et al. v. Iran* be limited to:

- The nation-state of the Islamic Republic of Iran only
- Compensatory damages only

Furthermore, Motley Rice LLC hereby requests that the Rule 54(b) requests for all additional plaintiffs in the *Burnett* case be limited in the same manner

Finally, because of the change in legal representation referenced above vis-à-vis the Kleinberg, Van Auken, and Casazza plaintiffs, a formal motion will soon be presented to the Court to transfer the claims and existing judgments against Iran and any political subdivisions and agencies and instrumentalities of Iran of these three families in the *Burnett, et al. v. Iran* case to the *Maher* case. Wiggins Childs and Motley Rice LLC have conferred, and Motley Rice LLC consents to such a transfer. Such transfer motion will be similar to a previous motion which

The Honorable George B. Daniels and The Honorable Sarah Netburn
March 5, 2026                                                                                              Page 4

resulted in an order transferring certain plaintiffs and their claims from the *Bauer* and *Burlingame* cases, as consolidated with *Ashton*, to *Maher*.  See MDL Doc. No. 8984.

Sincerely,

Timothy B. Fleming
Dennis G. Pantazis (Lead Counsel)

Attorneys for the *Ray*, *Grazioso*, *Maher* Plaintiffs and the indicated Kleinberg, Van Auken, and Casazza family members in *Burnett v. Iran*

John M. Eubanks
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464

Attorneys for the *Burnett* Plaintiffs